# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MERCK & CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Civil Action No. 05-366 (JJF) |
| COBALT PHARMACEUTICALS INC., | ) | |
| | ) | ORAL ARGUMENT REQUESTED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COBALT PHARMACEUTICALS INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND/OR IMPROPER SERVICE

Mary B. Matterer # 2696
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

Of Counsel:
William A. Rakoczy
Jane J. Jaang
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610
Telephone: (312) 222-6301
Facsimile: (312) 222-6321
wrakoczy@rmmslegal.com

Dated: September 2, 2005

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ iii

Nature and Stage of the Proceedings ...................................................................1

Summary of the Argument.....................................................................................1

Statement of Facts ..................................................................................................3

I.      The Business Of Cobalt Pharmaceuticals Inc..........................................3

II.     Cobalt's Lack Of Contacts With Delaware. ............................................4

III.    Cobalt's Alendronate Sodium ANDA. ....................................................5

IV.     Merck's Duplicative Law Suits. ..............................................................6

Argument ................................................................................................................7

I.      The Court Lacks Personal Jurisdiction Over Cobalt, Thus
        Requiring Dismissal Of The Complaint. ..................................................7

        A.      Merck cannot establish personal jurisdiction over
                Cobalt under the Delaware long-arm statute. ..............................8

                1.      Merck cannot establish specific jurisdiction
                        over Cobalt under Subsections (c)(1) and
                        (c)(3) of the Delaware long-arm statute.........................9

                        a.      Cobalt does not transact any business
                                in Delaware that gives rise to this
                                cause of action as required by
                                Subsection (c)(1). ............................................... 9

                        b.      Cobalt has not caused a tortious
                                injury in Delaware for purposes of
                                Subsection (c)(3). ............................................. 10

                2.      Merck cannot establish general jurisdiction
                        over Cobalt under Subsection (c)(4) of the
                        Delaware long-arm statute. .........................................12

                3.      Merck cannot establish jurisdiction under
                        Subsections (c)(2), (5) or (6) of the
                        Delaware long-arm statute either...............................16

        B.      The exercise of personal jurisdiction over Cobalt
                would violate Due Process.........................................................16

II.     Merck's Attempted Service Through The Delaware
        Secretary Of State Was Improper And Further Justifies
        Dismissal..........................................................................................................18

CONCLUSION.................................................................................................................18

# TABLE OF AUTHORITIES

FEDERAL CASES

*Akzona Inc. v. E.I. du Pont de Nemours & Co.*,
　607 F. Supp. 227 (D. Del. 1984)................................................................. 18

*Applied Biosystems v. Cruachem, Ltd.*,
　772 F. Supp. 1458 (D. Del. 1991)................................................... 9, 11, 14

*Eli Lilly & Co. v. Medtronic, Inc.*,
　496 U.S. 661 (1990)................................................................................ 11

*Glaxo Group Ltd. v. Apotex, Inc.*,
　376 F.3d 1339 (Fed. Cir. 2004) .............................................................. 11

*Greene v. New Dana Perfumes Corp., DPC*,
　287 B.R. 328 (D. Del. 2002)..................................................................... 7

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
　466 U.S. 408 (1984)............................................................................ 8, 17

*In re DaimlerChrysler AG Sec. Litig.*,
　197 F. Supp. 2d 86 (D. Del. 2002).......................................................... 12

*Intel Corp. v. Silicon Storage Tech., Inc.*,
　20 F. Supp. 2d 690 (D. Del. 1998)............................................................ 8

*Joint Stock Soc'y "Trade House of Descendants of Peter Smirnoff,*
　*Official Purveyor of the Imperial Court" v. Heublein, Inc.*,
　936 F. Supp. 177 (D. Del. 1996).............................................................. 15

*La Chemise Lacoste v. Gen. Mills, Inc.*,
　53 F.R.D. 596 (D. Del. 1971) ........................................................ 9, 10, 18

*Magid v. Marcal Paper Mills, Inc.*,
　517 F. Supp. 1125 (D. Del. 1981)............................................................ 17

*Mallinckrodt Med., Inc. v. Sonus Pharms., Inc.*,
　989 F. Supp. 265 (D.D.C. 1998).............................................................. 15

*Merck & Co., Inc. v. Barr Labs.*,
　179 F. Supp. 2d 368 (D. Del. 2002)................................................... passim

*Orange Theater Corp. v. Rayherstz Amusement Corp.*,
　139 F.2d 871 (3d Cir. 1944) .................................................................... 15

*Saft Am., Inc. v. Ovonic Battery Co.*,
　No. CIV. A. 95-430-SLR, 1996 WL 190008 (D. Del. Mar. 25, 1996)......... 12

*Tristrata Tech., Inc. v. Neoteric Cosmetics, Inc.*,
  961 F. Supp. 686 (D. Del. 1997)............................................................ 7, 9, 10, 12

*Walker v. W. Michigan Nat'l Bank & Trust*,
  324 F. Supp. 2d 529 (D. Del. 2004)............................................................ 7

## FEDERAL STATUTES

Drug Price Competition and Patent Term Restoration Act of 1984,
  Pub. L. No. 98-417, 98 Stat. 1585 (1984)
  (codified as amended at 21 U.S.C. § 355 and 35 U.S.C. § 271)...................................... 1

## FEDERAL RULES

FED. R. CIV. P. 12(b)(2) ............................................................ 7

FED. R. CIV. P. 4(f)(1) ............................................................ 18

## STATE STATUTES

10 Del. C. § 3104 (c)............................................................ 9

10 Del. C. § 3104(c)(1)............................................................ 9

10 Del. C. § 3104(c)(2)............................................................ 16

10 Del. C. § 3104(c)(3)............................................................ 10

10 Del. C. § 3104(c)(4)............................................................ 12

10 Del. C. § 3104(c)(5)............................................................ 16

10 Del. C. § 3104(c)(6)............................................................ 16

Defendant Cobalt Pharmaceuticals Inc. respectfully submits this memorandum in support of its motion to dismiss for lack of personal jurisdiction and/or improper service.

## Nature and Stage of the Proceedings

Merck filed its Complaint in this District on June 7, 2005. (Matterer Decl. Ex. A[1].) In a letter dated June 10, 2005, Merck informed Cobalt that its Complaint was "served on the Delaware Secretary of State on June 7, 2005, pursuant to 10 Del. C. § 3104(d)." (Jacobson Decl. ¶ 19 & Ex. B[2].) Cobalt has not answered Merck's Complaint or otherwise appeared in this case prior to the instant Motion. The parties negotiated enlargements of Cobalt's time to respond to Merck's Complaint until September 2, 2005.

## Summary of the Argument

1.    Pursuant to the generic drug laws commonly known as the "Hatch-Waxman Amendments," Cobalt, a Canadian manufacturer of generic drugs, submitted an Abbreviated New Drug Application ("ANDA") to the FDA for a generic version of alendronate sodium tablets—a prescription drug marketed by Merck under the brand-name FOSAMAX®.[3] Cobalt's ANDA contains so-called "paragraph IV certifications" stating that certain Merck patents relating to alendronate are invalid and/or not infringed by Cobalt's proposed generic drug. As required by statute and regulation, Cobalt also

---

[1]  Citations to "Matterer Decl." refer to the Declaration of Mary B. Matterer, submitted in support of Cobalt's motion to dismiss.

[2]  Citations to "Jacobson Decl. ¶ __" refer to the Declaration of Ian Jacobson, submitted in support of Cobalt's motion to dismiss.

[3]  Hatch-Waxman is formally known as the Drug Price Competition and Patent Term Restoration Act of 1984, Pub. L. No. 98-417, 98 Stat. 1585 (1984) (codified as amended at 21 U.S.C. § 355 and 35 U.S.C. § 271).

notified Merck of its "Paragraph IV ANDA" and the factual and legal bases for its certifications to Merck's patents.

2.      In response to Cobalt's Paragraph IV ANDA, Merck sued Cobalt—a non-resident foreign defendant—*both* in this District *and* in the Eastern District of Virginia for alleged infringement of eight different Merck patents.  The pending suit in Virginia, where Cobalt has designated an agent for service of process, consented to jurisdiction, answered the Complaint, and counterclaimed, is properly venued and should proceed accordingly.  The duplicative suit before this Court, where Cobalt has no agent, has *not* consented to jurisdiction, and has *no* contacts, is not properly before this Court and should be dismissed for lack of personal jurisdiction.

3.      This Court lacks personal jurisdiction over Cobalt because, among other things:

- Cobalt is a non-resident foreign corporation with no presence in Delaware, including no employees, facilities, assets or direct business activity of any kind;

- None of the activities relating to the research, development, manufacture or approval of Cobalt's proposed generic alendronate product occurred in, or have any relationship to, Delaware; and

- Cobalt has not marketed, sold or otherwise commercialized alendronate in the United States, let alone Delaware, and will not directly market, advertise or sell alendronate in Delaware.

Under these circumstances, Merck cannot establish specific or general personal jurisdiction over Cobalt under the Delaware long-arm statute or the Due Process Clause of the United States Constitution.

4.      Moreover, this motion does not raise any issues of first impression. This Court already considered and dismissed a similar case involving the same patents

against a non-resident ANDA applicant for the same drug in *Merck & Co., Inc. v. Barr Laboratories*, 179 F. Supp. 2d 368 (D. Del. 2002) (Farnan, J.). There, Merck filed duplicative suits against another alendronate ANDA applicant (Barr) here and in New York. After considering Barr's lack of contacts with Delaware (which are more extensive than Cobalt's contacts), this Court dismissed the action for lack of personal jurisdiction, holding that Merck could not establish jurisdiction under the long-arm statute or the Federal Due Process Clause. Cobalt has even fewer contacts with Delaware than Barr, whose contacts this Court previously rejected as insufficient to warrant the exercise of personal jurisdiction. As in *Merck v. Barr*, this Court should dismiss this action in its entirety for lack of personal jurisdiction and allow the case to proceed in Virginia, where Cobalt has consented to jurisdiction, answered, and counterclaimed.

5.    For the same reasons, Merck's attempt to serve Cobalt through the Delaware Secretary of State's Office is invalid. The Court should dismiss the Complaint for this reason too.

## Statement of Facts

For the Court's convenience, Cobalt assumes familiarity with the relevant statutory and factual background regarding alendronate in *Merck v. Barr*, and focuses here only on those facts most pertinent to this motion.

## I.    The Business Of Cobalt Pharmaceuticals Inc.

Cobalt, a Canadian corporation with its principal and only place of business in Ontario, Canada, develops and manufactures generic prescription drug products, in particular solid oral dosage forms such as capsules and tablets. (Jacobson Decl. ¶ 4.) For generic products in the United States, Cobalt prepares ANDAs for submission to the FDA in Rockville, Maryland. (*Id.*) Notably, Cobalt does not conduct

any research, development or manufacturing activities in the United States, and does not prepare any of its ANDAs in the United States. (*Id.* ¶ 5.) Nor does Cobalt own or lease any research, manufacturing, sales or other facilities in the United States. (*Id.*)

In addition, Cobalt does not directly sell, market or advertise any of its FDA-approved generic products to patients, physicians or other consumers in the United States. (*Id.* ¶ 6.) In fact, Cobalt does not engage in any direct-to-consumer marketing or advertising of any kind. (*Id.*) Rather, after receiving FDA approval, Cobalt exports the generic product—which is manufactured entirely outside of the United States—to independent wholesalers and/or other distributors. (*Id.*) Those independent wholesalers and/or distributors then distribute Cobalt's FDA-approved product to various retail distributors and chains that, in turn, sell the product directly to patients, consumers or other distributors. (*Id.*) Cobalt, however, does not exercise any control whatsoever over the particular states into which such independent wholesalers and/or distributors market and sell Cobalt's FDA-approved generic products. (*Id.* ¶ 7.) Nor does Cobalt target any particular states for its products or otherwise intend that its products be sold in any particular state. (*Id.*)

## II.    Cobalt's Lack Of Contacts With Delaware.

Cobalt has virtually no contacts whatsoever with the State of Delaware. For example:

- Cobalt has no telephone listings, mailing addresses, bank accounts, facilities, real or personal property, assets, employees, agents or representatives of any kind in Delaware.

- Cobalt is not a party to any contracts, licenses or other agreements in Delaware.

- Cobalt is not registered with the Secretary of State to conduct, and in fact does not directly transact or conduct, any business in Delaware.

- None of the independent wholesalers and/or distributors that distribute Cobalt's FDA-approved generic products is located in Delaware.

- Cobalt does not derive any significant portion of its revenues or income from Delaware.

(Jacobson Decl. ¶¶ 8-13.)   To the extent that any of Cobalt's FDA-approved products (*e.g.*, ciprofloxacin) are prescribed by physicians or sold by independent retail distributors in Delaware, such marketing or sales are conducted solely by independent wholesalers and/or distributors over which Cobalt exercises no control.   (*Id.* ¶ 12.) Furthermore, Cobalt does not derive any revenues or income directly from Delaware. (*Id.* ¶ 13.)

### III.    Cobalt's Alendronate Sodium ANDA.

Cobalt has submitted a Paragraph IV ANDA to the FDA in Rockville, Maryland, for a generic version of alendronate sodium tablets in 35 mg, 40 mg and 70 mg strengths.   (*Id.* ¶ 14.)  Nothing relating to Cobalt's ANDA occurred in Delaware.  (*Id.* ¶ 15.)   Cobalt prepared its ANDA, and all of the testing, research, development and manufacturing necessary to compile the information and data for that ANDA occurred, outside of the United States.  (*Id.*)

As required by statute and regulation, Cobalt notified Merck by letter that Cobalt filed a Paragraph IV ANDA for alendronate.  (*Id.* ¶ 16 & Ex. A.)  In that letter, Cobalt designated an agent for service of process in Virginia.  (*Id.*)  Cobalt also consented to the jurisdiction of the United States District Court for the Eastern District of

Virginia for any action based on Cobalt's ANDA. (*Id.*) Cobalt did not designate an agent in Delaware, and did not consent to the jurisdiction of any Delaware court. (*Id.*)

The FDA has not yet approved Cobalt's alendronate ANDA. (*Id.* ¶ 17.) As such, to date, Cobalt has not marketed or sold any generic alendronate product in the United States, much less Delaware. (*Id.*) In fact, by virtue of Cobalt's so-called "paragraph III certification" to an earlier Merck patent, Cobalt's alendronate ANDA will not be eligible for final approval until February 2008. (*Id.*) Once approved, Cobalt's proposed generic alendronate product will be manufactured entirely outside of the United States and then exported to independent wholesalers and/or distributors, none of which is located in Delaware. (*Id.* ¶ 18.) Cobalt will not directly market, advertise or sell its alendronate product in Delaware or otherwise direct that its product be sold in Delaware. (*Id.*)

## IV.    Merck's Duplicative Law Suits.

In response to Cobalt's Paragraph IV ANDA, Merck sued Cobalt for alleged patent infringement of eight different patents both in this District and in the Eastern District of Virginia. (*See id.* ¶ 19; Matterer Decl. Exs. A & B.) Merck has not served either Complaint on Cobalt or its designated agent. (*See* Jacobson Decl. ¶ 19.) In a letter to Cobalt dated June 10, 2005, Merck stated that the Delaware Complaint was "served on the Delaware Secretary of State on June 7, 2005, pursuant to 10 Del. C. § 3104(d)." (*Id.* & Ex. B.) Cobalt has answered the Virginia Complaint and counterclaimed against Merck, and now brings this timely motion to dismiss the present action for lack of personal jurisdiction and/or improper service. (Matterer Decl. Ex. C, Cobalt Va. Answer and Counterclaim.)

## Argument

"Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction." *Merck & Co., Inc. v. Barr Labs.*, 179 F. Supp. 2d 368, 371 (D. Del. 2002) (citation omitted). The "plaintiff can not rely upon the pleadings alone but must come forward with some evidentiary facts to support the conclusion that the court has jurisdiction over each of the defendants." *Walker v. W. Michigan Nat'l Bank & Trust*, 324 F. Supp. 2d 529, 532 (D. Del. 2004). "Unlike a Fed. R. Civ. P. 12(b)(6) motion to dismiss, when considering a Rule 12(b)(2) motion to dismiss, the court does not limit its analysis to allegations contained in the pleadings but, rather, makes its determination of whether personal jurisdiction lies by reference to materials outside of the pleadings." *Greene v. New Dana Perfumes Corp., DPC*, 287 B.R. 328, 333 (D. Del. 2002). Here, Merck cannot satisfy its burden of establishing sufficient minimum contacts between Cobalt and Delaware to support either jurisdiction or proper service of process. The Court therefore should dismiss Merck's Complaint in its entirety.

## I.    The Court Lacks Personal Jurisdiction Over Cobalt, Thus Requiring Dismissal Of The Complaint.

For this Court to exercise personal jurisdiction over a non-resident defendant like Cobalt, Merck must demonstrate both: (a) the existence of personal jurisdiction pursuant to Delaware's long-arm statute; and (b) that the exercise of personal jurisdiction comports with Federal Due Process. *See Merck*, 179 F. Supp. 2d at 371; *Tristrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, 961 F. Supp. 686, 689 (D. Del. 1997)

(Farnan, J.).[4]  To satisfy this burden, Merck must establish either specific or general jurisdiction.  *Merck*, 179 F. Supp. 2d at 371.  "Specific jurisdiction arises when the particular cause of action arose from the defendant's activities within the forum state; general jurisdiction arises when the defendant has continuous systematic contacts with the state, irrespective of whether the defendant's connections are related to the particular cause of action."  *Id*. (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).  Merck cannot meet either burden here.

   **A.    Merck cannot establish personal jurisdiction over Cobalt under the Delaware long-arm statute.**

   The Delaware long-arm statute provides:

   As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:

   (1)  Transacts any business or performs any character of work or service in the State;

   (2)  Contracts to supply services or things in this State;

   (3)  Causes tortious injury in the State by an act or omission in this State;

   (4)  Causes tortious injury in the State or outside of the State by an act or omission outside of the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or other things used or consumed in the State;

---

4    While the Delaware long-arm statute confers jurisdiction to the maximum extent permitted by the Constitution, the Delaware Supreme Court has made clear that the long-arm statute is not coextensive with, and should not be substituted for, Federal Due Process analysis.  *See Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F. Supp. 2d 690, 694 (D. Del. 1998). As such, Delaware courts must still conduct a two-step independent analysis under both the Delaware long-arm statute and the Federal Due Process Clause.  *Id*. at 694-95.

(5)  Has an interest in, uses or possesses real property in the State; or

(6)  Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 Del. C. § 3104 (c).  Merck fails to mention, much less address, any of these requirements in its Complaint—and for good reason, because Cobalt has not committed any of the acts enumerated in the long-arm statute.

>    1.    **Merck cannot establish specific jurisdiction over Cobalt under Subsections (c)(1) and (c)(3) of the Delaware long-arm statute.**

"Subsections (c)(1) and (c)(3) of [the Delaware long-arm statute] provide for specific jurisdiction, under which the cause of action must arise from the contacts with [Delaware]."  *Applied Biosystems v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1466 (D. Del. 1991) (citations omitted); *see also Tristrata*, 961 F. Supp. at 690 (Farnan, J.) (holding that long-arm jurisdiction under (c)(1) and (c)(3) requires that some act actually occur in Delaware).  Nothing about this cause of action arises from any contacts with Delaware.

>    a.    **Cobalt does not transact any business in Delaware that gives rise to this cause of action as required by Subsection (c)(1).**

For specific jurisdiction under § 3104(c)(1) to lie, Merck must present a prima facie case that some act of Cobalt in Delaware caused the accused products to be in Delaware at time Merck filed its suit.  *See La Chemise Lacoste v. Gen. Mills, Inc.*, 53 F.R.D. 596, 603 (D. Del. 1971); *see also Applied Biosystems*, 772 F. Supp. at 1466.  In other words, the transacting business requirement in the context of a patent infringement case focuses on the allegedly infringing products "put in issue by the pleadings."

*Lacoste*, 53 F.R.D. at 603.  There is no jurisdiction where, as here, the defendant has not made or solicited sales in Delaware for the allegedly infringing products, or maintained manufacturing facilities for the products in Delaware.  *See id.*

As Merck concedes, the present action arises solely out of Cobalt's submission of a Paragraph IV ANDA to the FDA for generic alendronate sodium tablets. (*See* Matterer Decl. Ex. A., Del. Compl. ¶¶ 21, 26, 32, 38, 44, 50, 56, 62; *see also* Jacobson Decl. ¶ 19.)  The FDA has not approved Cobalt's ANDA, which will not be eligible for final approval until February 2008.  (Jacobson Decl. ¶ 17.)  Moreover, Cobalt has not made, used, sold or offered for sale its proposed generic alendronate product anywhere in the United States, let alone Delaware.  (*See id.*)  Furthermore, nothing relating to Cobalt's alendronate ANDA occurred in Delaware.  (*Id*. ¶ 15).  Cobalt's research, manufacturing and development work that form the basis for the ANDA, together with the preparation of the ANDA itself, all occurred outside the United States. (*Id*.)

In sum, "it is obvious that no cause of action was asserted [by Merck] . . . which arose or grew out of the business transacted" by Cobalt in Delaware.  *Lacoste*, 53 F.R.D. at 603; *see also Tristrata*, 961 F. Supp. at 690 (holding that, to exercise jurisdiction over a defendant based upon that party's alleged transaction of business, some act must actually have occurred in Delaware).  Personal jurisdiction over Cobalt does not lie under Subsection (c)(1).

### b.  Cobalt has not caused a tortious injury in Delaware for purposes of Subsection (c)(3).

"Jurisdiction may be obtained under subsection (c)(3) when a nonresident or its agent has caused tortious injury in Delaware by an act or omission that occurred in"

Delaware. *Applied Biosystems*, 772 F. Supp. at 1467. Jurisdiction under this subsection is proper only if "the tort claims at issue arise out of Delaware acts or omissions causing the injury in Delaware." *Id.* (citation omitted). Stated otherwise, the tortious act at issue must be committed in Delaware. *See id.*

Once again, as Merck concedes, nothing giving rise to this action occurred in Delaware. No accused alendronate products have been made, used, sold or offered for sale here, and nothing relating to Cobalt's ANDA occurred here. (Jacobson Decl. ¶¶ 15, 17-18.) Indeed, the only act that gave rise to, and created subject matter jurisdiction for, this action was the "technical" or "highly artificial" act of infringement arising from the submission of Cobalt's Paragraph IV ANDA. *See* 35 U.S.C. § 271(e)(2)(A); *Glaxo Group Ltd. v. Apotex, Inc.*, 376 F.3d 1339, 1349, 1351 (Fed. Cir. 2004) (holding that the "very limited and technical purpose" of this "highly artificial act" is "to permit patent holders to bring suit against generic companies despite the fact that generic companies have not yet infringed the patents at issue") (citing *Eli Lilly & Co. v. Medtronic, Inc.*, 496 U.S. 661, 678 (1990)). This act obviously did not occur in Delaware. (*See* Jacobson Decl. ¶ 15.) Furthermore, any alleged injury to Merck, to the extent there could even be injury without actual, as opposed to artificial, infringement, at best occurred in New Jersey (Merck's corporate headquarters). *See Applied Biosystems*, 772 F. Supp. at 1468 ("The situs of the injury of patent infringement . . . is the place of the patent holder's residence.") (citation omitted). Jurisdiction over Cobalt pursuant to Subsection (c)(3) is inappropriate as well.

Accordingly, as in *Merck v. Barr*, which this Court dismissed for lack of personal jurisdiction, Merck must concede, and this Court should conclude, that Merck

cannot possibly establish specific jurisdiction over Cobalt. *See Merck*, 179 F. Supp. 2d at 371 ("Merck concedes that specific jurisdiction is not available over Barr in Delaware. . . .").

> ### 2.    Merck cannot establish general jurisdiction over Cobalt under Subsection (c)(4) of the Delaware long-arm statute.

Subsection (c)(4), which provides for general jurisdiction, requires "a higher level of regular contacts in the State than [for] . . . 'specific jurisdiction.'" *Saft Am., Inc. v. Ovonic Battery Co.*, No. CIV. A. 95-430-SLR, 1996 WL 190008, at *3 (D. Del. Mar. 25, 1996).[5]  As this Court acknowledged, "the standard for general jurisdiction is high in practice and not often met." *Tristrata*, 961 F. Supp. at 691.  And because Cobalt is a foreign corporation, this Court must "exercise more caution in analyzing the contacts at issue" because of the added international component. *In re DaimlerChrysler AG Sec. Litig.*, 197 F. Supp. 2d 86, 98 (D. Del. 2002).  Under Subsection (c)(4), the defendant must be "generally present" in Delaware. *See Tristrata*, 961 F. Supp. at 691. To be "generally present," Delaware law requires that "the defendant or agent 'regularly . . . solicits business, engages in any other persistent course of conduct in the State, or derives substantial revenue from services, or things consumed in the State.'" *Id.*; *see also Merck*, 179 F. Supp. 2d at 373-74.  Cobalt has no presence in Delaware, much less a "general" and systematic one.

*First*, Cobalt does not regularly conduct or solicit business in Delaware. Cobalt has no telephone listings, mailing addresses, bank accounts, facilities, real or personal property, assets, employees, agents or representatives of any kind in Delaware. (*See* Jacobson Decl. ¶¶ 8-11, 13.)  Nor is Cobalt a party to any contracts, licenses or other

---

[5]    For the Court's convenience and pursuant to Local Civil Rule 7.1.3.G, a copy of the opinion in *Saft* is attached to the Matterer Declaration as Exhibit D.

agreements in Delaware.  (*Id*. ¶ 9.)   Furthermore, Cobalt is not registered with the Secretary of State to conduct, and in fact does not directly transact or conduct, any business in Delaware.  (*Id*. ¶ 10.)  That is, Cobalt does not directly market, advertise or sell any generic products in Delaware. (*Id*. ¶ 12.)   And none of the independent wholesalers and/or distributors that distribute Cobalt's FDA-approved generic products is located in Delaware.  (*Id*.)

*Second*, Cobalt does not derive any significant revenues or income directly from Delaware.  (*Id.* ¶ 13.)  As noted, Cobalt does not directly market, advertise or sell any generic products in Delaware.  (*Id*. ¶ 12.)  Rather, Cobalt exports its generic products to independent wholesalers and/or distributors, over which Cobalt has no control and which are located outside of Delaware, which then distribute Cobalt's products throughout the country to retail chains and other distributors.  (*Id*. ¶¶ 6-7, 12.)  But as this Court acknowledged in *Merck*, sales to national distribution chains that may do business in Delaware are too attenuated to warrant the exercise of general jurisdiction.  *See Merck*, 179 F. Supp. 2d at 373.

*Third*, as this Court also held, "the general jurisdiction provision of the long-arm statute does not anticipate that placing a product into the stream of commerce would give rise to jurisdiction."  *Id.* at 373-74.  This Court further recognized that the stream of commerce theory "rests on a specific rather than a general jurisdiction rationale," which requires an "intent . . . to serve the Delaware market with a product that caused an alleged injury."  *Id*. at 374 (citations omitted).  Merck does not and indeed cannot allege or establish that Cobalt has placed an accused product that caused Merck injury into the stream of commerce.  Once again, Cobalt has not made, used, sold or

offered for sale any alendronate product in the United States, much less Delaware. (*See* Jacobson Decl. ¶ 17.)   Even once Cobalt's ANDA is approved, Cobalt will not directly sell alendronate in Delaware or otherwise intend to serve or target the Delaware market. (*See id.* ¶ 18.)

Thus, Cobalt has no contacts with Delaware sufficient to justify the exercise of general jurisdiction under the Delaware long-arm statute.  This Court reached the same conclusion in a case involving virtually identical facts in *Merck v. Barr*.  There, Barr, like Cobalt, submitted a Paragraph IV ANDA to the FDA for generic alendronate products.  *See Merck*, 179 F. Supp. 2d at 370.  As here, Merck filed duplicative actions against Barr both in this District and elsewhere.  *Id.*  Barr, like Cobalt, had no employees, telephone listings, bank accounts or real estate in Delaware.  *Id.* at 373-74.  Unlike Cobalt, however, Barr had a license to sell products in Delaware; a national account manager that visited and directly called on customers in Delaware; and direct sales to Delaware customers.  *See id.* at 372-73.  But even under these facts, this Court held that Barr's contacts with Delaware were insufficient to warrant the exercise of general jurisdiction and therefore dismissed the case.  *Id.* at 373-74.  The same result is warranted here.  Cobalt has even fewer contacts with Delaware than Barr as described in *Merck*, thus requiring dismissal as well.

Likewise, in *Applied Biosystems*, the corporate defendant was alleged to have had the following contacts with Delaware: (1) attendance at sales meetings in Delaware; (2) shipment of samples of the allegedly infringing product to Delaware; (3) advertising in magazines circulated in Delaware; and (4) securing financing from Delaware sources.  772 F. Supp. at 1466.  Nonetheless, the Court dismissed for lack of

personal jurisdiction.  *Id.* at 1467.  Again, Cobalt has far fewer contacts with Delaware than did the defendant in *Applied Biosystems*.

In its fifteen-page, sixty-seven-paragraph Complaint, Merck makes only two feeble attempts to justify jurisdiction.  Neither passes muster.

*First*, Merck alleges that Cobalt has previously acquiesced to jurisdiction in this District in a separate patent litigation involving a different drug, captioned *Glaxo Group Ltd. v. Cobalt Pharmaceuticals Inc.*, No. 04-182, filed March 25, 2004.  (*See* Matterer Decl. Ex. A, Del. Compl. ¶ 4.)  As an initial matter, Glaxo, *not* Cobalt, initiated that wholly unrelated patent litigation involving different parties, a different drug, different patents, and a different ANDA.  Cobalt did not consent to jurisdiction here for all purposes, but merely answered the Complaint, which was transferred to the Southern District of New York shortly thereafter.

Moreover, even if Cobalt had initiated that litigation, it "would be ludicrous to suggest that [Cobalt had] consented to the jurisdiction of this Court for all time, with respect to all potential competitors, and for all purposes, simply because they once chose to [litigate] here."  *Mallinckrodt Med., Inc. v. Sonus Pharms., Inc.*, 989 F. Supp. 265, 271 (D.D.C. 1998).  Simply put, the filing of a lawsuit does "not suffice to establish this court's ability to exercise personal jurisdiction over" a non-resident defendant.  *Joint Stock Soc'y "Trade House of Descendants of Peter Smirnoff, Official Purveyor of the Imperial Court" v. Heublein, Inc.*, 936 F. Supp. 177, 194 (D. Del. 1996); *see also Orange Theater Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3d Cir. 1944) ("We think that the Rules of Civil Procedure call for the use of similar restraint on the part of the federal courts in the exercise of their power over a defendant

who has voluntarily appeared to defend an action against him but who desires also to raise a jurisdiction defense.").

        *Second*, Merck alleges that Cobalt "seeks to market and sell its approved ciprofloxacin tablets in this District."  (*See* Matterer Decl. Ex. A., Del. Compl. ¶ 4.) Wrong again.  As already explained, Cobalt does not directly market, advertise, sell or offer for sale any generic products in Delaware, including ciprofloxacin.  (Jacobson Decl. ¶ 6.)  Rather, Cobalt exports its generic products to independent wholesalers and/or distributors, over which Cobalt has no control and which are located outside of Delaware, which then distribute Cobalt's products throughout the country to retail chains and other distributors.  (*See id.* ¶¶ 6-7.)  But, as this Court has held, merely placing such products into the stream of commerce through national distributors that may do business in Delaware is insufficient as a matter of law to justify the exercise of general jurisdiction. *See Merck*, 179 F. Supp. 2d at 373-74.

        **3.    Merck cannot establish jurisdiction under Subsections (c)(2), (5) or (6) of the Delaware long-arm statute either.**

        Subsections (c)(2), (5) and (6) of the Delaware long-arm statute, respectively, require that the non-resident defendant:  contract to supply services or things in Delaware; have an interest in, use or possess real property in Delaware; or contract to insure or act as a surety in Delaware.  Cobalt, of course, has not done any of these things in Delaware.  (*See* Jacobson Decl. ¶¶ 8-11.)  As such, Cobalt is not subject to jurisdiction under these provisions either.

        **B.    The exercise of personal jurisdiction over Cobalt would violate Due Process.**

        Even if Merck could make a colorable showing of personal jurisdiction (it cannot), the exercise of that jurisdiction here would offend not comport with Federal Due

Process.  "Due process requires that a defendant have certain minimum contacts with the forum state in order to ensure that the maintenance of the lawsuit does not offend 'traditional notions of fair play and substantial justice.'"  *Merck*, 179 F. Supp. 2d at 375. The Supreme Court has made clear that to maintain general jurisdiction over a foreign defendant, the facts must establish "continuous and systematic general business contacts" within the forum state.  *Helicopteros*, 466 U.S. at 416.  "Furthermore, the . . . Third Circuit has held that a plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction."  *Merck*, 179 F. Supp. 2d at 375 (citation omitted).  Moreover, the state must also have some "palpable interest rationally connected with public policy in adjudicating a dispute within its borders for jurisdiction to be lawfully acquired."  *Magid v. Marcal Paper Mills, Inc.*, 517 F. Supp. 1125, 1131 (D. Del. 1981) (citations omitted).

        Here, Cobalt has no specific or general contacts with Delaware, and certainly no "continuous and systematic general business contacts."  Not one activity relating to Cobalt's alendronate ANDA occurred in Delaware.  (*See* Jacobson Decl. ¶ 15). Not one sale, offer for sale, marketing, or advertising activity for Cobalt's proposed alendronate product occurred in Delaware.  (*Id.* ¶ 17.)  To top it off, Cobalt has no presence in Delaware and does not directly transact, conduct or solicit any business for any products in Delaware.  (*Id.*)  All told, it is an understatement to say the exercise of personal jurisdiction would offend traditional notions of fair play and federal due process.

        And once again, Cobalt has far fewer contacts with Delaware than Barr did in *Merck*.  In that case, this Court analyzed Barr's contacts and concluded "Delaware has no interest in adjudicating this case" which does not involve Delaware related claims

or Delaware plaintiffs. *Merck*, 179 F. Supp. 2d at 374-75. Rather, the Court was "persuaded that this case should proceed in New York where Merck had already filed an identical complaint" and Barr had counterclaimed. *See id*. So too here, Delaware has no interest in this case where Cobalt has no contacts here and Merck has already sued Cobalt in Virginia where Cobalt has answered and counterclaimed and the parties are now at issue.

## II. Merck's Attempted Service Through The Delaware Secretary Of State Was Improper And Further Justifies Dismissal.

Merck admittedly has neither secured a waiver of service from Cobalt nor served Cobalt in accordance with the requirements of the Hague Convention. *See* FED. R. CIV. P. 4(f)(1). Instead, Merck attempted to serve Cobalt through "the Delaware Secretary of State . . . pursuant to 10 Del. C. § 3104(d)." (*See* Jacobson Decl. ¶ 19 & Ex. B.) This, too, was improper. Because—as fully described in Section I.A. of the Argument in this brief—Cobalt "has not committed any of those actions, service on the Secretary of State was also invalid." *Akzona Inc. v. E.I. du Pont de Nemours & Co.*, 607 F. Supp. 227, 241 (D. Del. 1984); *see also Lacoste*, 53 F.R.D. at 603 (dismissing for lack of personal jurisdiction and improper service of process where it was "clear that [defendant] never sold [its products] or solicited such business in Delaware"). The Court should dismiss this action for this reason as well.

## CONCLUSION

This case belongs in Virginia, where Cobalt has designated an agent for service of process, consented to jurisdiction, answered, and counterclaimed. The case does not belong here, where Cobalt lacks any contacts with this forum sufficient to satisfy the Delaware long-arm statute or Federal Due Process. Merck does not and

cannot show otherwise.  Just as in *Merck v. Barr*, the Court should dismiss this action in its entirety for lack of personal jurisdiction over Cobalt and allow the case to proceed in Virginia.  For the same reasons, the Court should also dismiss this action for improper service because Delaware law does not authorize service of process through the Secretary of State in these circumstances.


Dated: September 2, 2005

By:   */s/ Mary B. Matterer*
Mary B. Matterer # 2696
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

Of Counsel:
William A. Rakoczy
Jane J. Jaang
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois  60610
Telephone: (312) 222-6301
Facsimile: (312) 222-6321
wrakoczy@rmmslegal.com

**Attorneys for Defendant
Cobalt Pharmaceuticals Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of September, 2005, I electronically filed the foregoing document, **COBALT PHARMACEUTICALS INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND/OR IMPROPER SERVICE**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Mary B. Graham, Esq.
James W. Parrett, Jr. Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

Additionally, I hereby certify that on the 2nd day of September, 2005, the foregoing document was served via federal express on the following non-registered participants:

John F. Lynch, Esq.
Nicholas G. Barzoukas, Esq.
Howrey LLP
750 Bering Drive
Houston, TX 77057-2198
713.787.1400

Dated: September 2, 2005         */s/ Mary B. Matterer*
Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

*Counsel for Cobalt Pharmaceuticals Inc.*