UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO., INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| COBALT PHARMACEUTICALS INC., | ) Civil Action No. 05-366 (JJF) ) ) |
| Defendant. | ) ) ) |

## DECLARATION OF IAN JACOBSON

I, Ian Jacobson, hereby declare as follows:

1. I am the Chief Operating Officer for Cobalt Pharmaceuticals Inc. ("Cobalt").

2. I have personal knowledge of the facts stated in this Declaration, or believe them to be true based on my experience in the pharmaceutical industry and information I have received in the course of my duties, and am competent to testify to the same. I submit this Declaration in support of Cobalt's motion to dismiss for lack of personal jurisdiction and/or improper service.

### Cobalt Pharmaceuticals Inc.

3. Cobalt is a corporation duly organized and existing under the laws of Canada, with its principal and only place of business located at 6500 Kitimat Road, Mississauga, Ontario, Canada, L5N 2B8. Cobalt is wholly owned by Arrow Pharmaceuticals Inc., a privately-held Canadian corporation.

4. Cobalt develops and manufactures quality generic prescription drug products, in particular solid oral dosage forms such as capsules and tablets. For generic products in the

United States, Cobalt prepares abbreviated new drug applications ("ANDAs") for submission to the U.S. Food and Drug Administration ("FDA") in Rockville, Maryland.

5. Cobalt does not conduct any research, development or manufacturing activities in the United States. Nor does Cobalt prepare any of its ANDAs in the United States. Cobalt, moreover, does not own or lease any research, manufacturing, sales or other facilities in the United States.

6. In addition, Cobalt does not directly sell, market or advertise any of its FDA-approved generic products to patients, physicians or other consumers in the United States. In fact, Cobalt does not engage in any direct-to-consumer marketing or advertising of any kind in the United States. Rather, after receiving FDA approval for a generic product, Cobalt exports that product—which is manufactured entirely outside of the United States—to independent wholesalers and/or other distributors. Those independent wholesalers and/or distributors then distribute Cobalt's FDA-approved product to various retail distributors and chains that, in turn, sell the product directly to patients, consumers or other distributors.

7. Cobalt does not exercise any control whatsoever over the particular states into which such independent wholesalers and/or distributors market and sell Cobalt's FDA-approved generic products. Nor does Cobalt target any particular states for its products or otherwise intend that its products be sold in any particular state.

**Cobalt's Lack of Contacts With Delaware**

8. Cobalt has no telephone listings, mailing addresses or bank accounts in the State of Delaware. Nor does Cobalt have any employees, agents or other representatives in the State

of Delaware, and no Cobalt employees, agents or representatives regularly travel to the State of Delaware.

9. Cobalt maintains no corporate facilities of any kind and does not own or lease any real or personal property in the State of Delaware. In fact, Cobalt holds no assets and conducts no corporate activities in the State of Delaware. Nor is Cobalt a party to any contracts, licenses or other agreements in the State of Delaware.

10. Cobalt is not registered with the Secretary of State to conduct or transact any business in the State of Delaware. In fact, Cobalt does not conduct, transact or solicit any business in the State of Delaware, and has neither the intent nor the purpose to target the State of Delaware for any of its FDA-approved generic products.

11. None of the independent wholesalers and/or distributors that distribute Cobalt's FDA-approved generic products is, to my knowledge, located in the State of Delaware.

12. To the extent that any of Cobalt's FDA-approved products, including ciprofloxacin tablets, are prescribed by physicians or sold by independent retail distributors in the State of Delaware, Cobalt did not directly market, advertise or sell such products in the State of Delaware. Rather, independent wholesalers and/or distributors outside of the State of Delaware—over which Cobalt exercises no power or control—would have independently distributed such products to retail chains or other distributors in the State of Delaware. In fact, Cobalt does not even maintain records regarding, or otherwise track, the states into which the independent wholesalers and/or distributors distribute Cobalt's products.

13. It is also my understanding that Cobalt does not derive any significant portion of its revenues or income in connection with generic drug product sales emanating from the State of

Delaware given that the Delaware market is a relatively small one and because Cobalt undertakes no direct marketing or sales efforts directed to the Delaware market. Furthermore, Cobalt makes no direct payments to the Delaware Medicaid program.

### Cobalt's Alendronate Sodium ANDA

14. Cobalt has submitted an ANDA to the FDA in Rockville, Maryland, for a generic version of alendronate sodium tablets in 35 mg, 40 mg and 70 mg strengths. Cobalt's ANDA contains so-called "paragraph IV certifications" stating that, in Cobalt's opinion and to the best of its knowledge, certain patents purportedly owned by Merck are invalid and/or not infringed by Cobalt's proposed generic alendronate product.

15. None of the activities relating to the preparation of Cobalt's ANDA occurred in the State of Delaware. Cobalt prepared its ANDA outside of the United States, and all of the testing, research, development and manufacturing necessary to compile the information and data for the ANDA occurred outside of the United States.

16. As required by statute and regulation, Cobalt sent Merck a letter notifying Merck of Cobalt's ANDA and the factual and legal bases for Cobalt's paragraph IV certifications. A true and correct copy of that letter is attached to this Declaration as Exhibit A. In that letter, as required by regulation, Cobalt designated an agent for service of process in the State of Virginia. Cobalt also consented to the jurisdiction of the United States District Court for the Eastern District of Virginia for any action based on Cobalt's alendronate ANDA and notice. Cobalt did not designate an agent in the State of Delaware, nor has Cobalt ever consented to the jurisdiction of any court in the State of Delaware for this action.

17. The FDA has not yet approved Cobalt's alendronate ANDA. As such, to date, Cobalt has not marketed or sold its proposed generic alendronate product in the United States. In fact, by virtue of Cobalt's so-called "paragraph III certification" to an earlier Merck patent, it is my understanding that Cobalt's alendronate ANDA will not be eligible for final approval until at least February 2008.

18. Once approved by the FDA, Cobalt's proposed generic alendronate product will be manufactured entirely outside of the United States and then exported to independent wholesalers and/or distributors, none of which is located in the State of Delaware. Cobalt will not directly market, advertise or sell its proposed generic alendronate product in the State of Delaware, nor will Cobalt otherwise target the State of Delaware or otherwise direct that its product be sold in the State of Delaware.

19. In response to Cobalt's notification letter, it is my understanding that Merck sued Cobalt for alleged patent infringement both in this District and in the Eastern District of Virginia. To my knowledge, Merck has not served either Complaint on Cobalt or its designated agent. In a letter to Cobalt dated June 10, 2005, Merck stated that the Delaware Complaint was "served on the Delaware Secretary of State on June 7, 2005, pursuant to 10 Del. C. § 3104(d)." A true and correct copy of Merck's letter, without exhibits, is attached hereto as Exhibit B.

20. The foregoing facts are true and correct as I verify and believe.

Dated this 26th day of August 2005.

I, Ian Jacobson, hereby declare; under penalty of perjury under 28 U.S.C. § 1745 and the laws of the United States of America, that the foregoing Declaration is true and correct.

*/s/ Ian Jacobson*
Ian Jacobson

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of September, 2005, I electronically filed the foregoing document, **DECLARATION OF IAN JACOBSON**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Mary B. Graham, Esq.
James W. Parrett, Jr. Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

Additionally, I hereby certify that on the 2nd day of September, 2005, the foregoing document was served via federal express on the following non-registered participants:

John F. Lynch, Esq.
Nicholas G. Barzoukas
Howrey LLP
750 Bering Drive
Houston, TX 77057-2198
713.787.1400

Dated: September 2, 2005          /s/ Mary B. Matterer        _
                                  Richard K. Herrmann #405
                                  Mary B. Matterer #2696
                                  MORRIS JAMES HITCHENS &
                                  WILLIAMS LLP
                                  222 Delaware Avenue, 10th Floor
                                  Wilmington, DE 19801
                                  (302) 888-6800
                                  mmatterer@morrisjames.com

                                  *Counsel for Cobalt Pharmaceuticals Inc.*