**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **MERCK & CO., INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 05-366 (JJF)** |
| **COBALT PHARMACEUTICALS INC.,** | ) | |
| | ) | **ORAL ARGUMENT REQUESTED** |
| **Defendant.** | ) | |
| | ) | |

---

# MEMORANDUM IN SUPPORT OF COBALT PHARMACEUTICALS INC.'S ALTERNATIVE MOTION TO TRANSFER

---

Mary B. Matterer # 2696
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

Of Counsel:
William A. Rakoczy
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610
Telephone: (312) 222-6301
Facsimile: (312) 222-6321
wrakoczy@rmmslegal.com

Dated: September 9, 2005.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

Nature and Stage of the Proceedings .......... 1

Summary of the Argument .......... 1

Statement of Facts .......... 2

Argument .......... 3

I. Private Interests Weigh In Favor Of Transfer .......... 4

II. Public Interests Weigh In Favor Of Transfer .......... 5

III. The Interests of Justice Mandate Transfer To The Eastern District of Virginia. .......... 6

CONCLUSION .......... 8

**TABLE OF AUTHORITIES**

FEDERAL CASES

*Affinity Memory & Micro, Inc. v. K&Q Enterprises, Inc.*,
20 F. Supp. 2d 948 (E.D. Va. 1998) .................................................................... 7

*Affymetrix, Inc. v. Synteni, Inc.*
28 F. Supp. 2d 192 (D. Del. 1998)...................................................................... 4

*At Home Corp. v. Cox Communications, Inc.*,
No. Civ. A. 02-1486-JJF, 2003 WL 22350925 (D. Del. Oct. 8, 2003)........................... 7

*Bd. of Trustees v. Baylor Heating & Air Conditioning*,
702 F. Supp. 1253 (E.D. Va. 1988) .................................................................... 6

*Continental Cas. Co. v. Am. Home Assurance Co.*
61 F. Supp. 2d 128 (D. Del. 1999)................................................................... 4, 5

*Jumara v. State Farm Ins. Co.*,
55 F.3d 873 (3d Cir. 1995) ............................................................................ 3

*SAS of Puerto Rico, Inc. v. Puerto Rico Tel. Co.*,
833 F. Supp. 450 (D. Del. 1993)........................................................................ 3

FEDERAL STATUTES

28 U.S.C. § 1404(a) .................................................................................... 1, 3

35 U.S.C. § 271(e)(2)(A) ............................................................................... 3

Defendant Cobalt Pharmaceuticals Inc. respectfully submits this memorandum in support of its alternative motion to transfer this action to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).

**Nature and Stage of the Proceedings**

Merck filed its Complaint in this District on June 7, 2005. On June 8, 2005, Merck filed an identical Complaint in the Eastern District of Virginia. Cobalt has answered the Virginia Complaint and counterclaimed against Merck in Virginia, where the parties are now at issue on the merits. On September 2, 2005, Cobalt moved to dismiss the present action for lack of personal jurisdiction and/or improper service pursuant to Rules 12(b)(2) and (5), Fed. R. Civ. P. (D.I. 7-8). If this Court declines to grant Cobalt's Motion, Cobalt in the alternative seeks an order transferring this case to the Eastern District of Virginia where an identical action is pending.

**Summary of the Argument**

1. As set forth in its Memorandum in Support of its Motion to Dismiss (D.I. 8), this Court lacks personal jurisdiction over Cobalt because, among other things:

- Cobalt is a non-resident foreign corporation with no presence in Delaware, including no employees, facilities, assets or direct business activity of any kind;
- None of the activities relating to the research, development, manufacture or approval of Cobalt's proposed generic alendronate product occurred in, or have any relationship to, Delaware; and
- Cobalt has not marketed, sold or otherwise commercialized alendronate in the United States, let alone Delaware, and will not directly market, advertise or sell alendronate in Delaware.

For the same reasons, Merck's attempt to serve Cobalt through the Delaware Secretary of State was also invalid.

2. However, if this Court is disinclined to grant Cobalt's Motion, the Court should then transfer this action to the Eastern District of Virginia. Delaware has no connection to the instant dispute, the parties, or the potential witnesses. In contrast, however, all parties have consented to jurisdiction in Virginia where an identical action is already pending and the parties are at issue on the merits. Thus, the interests of justice weigh in favor of transfer.

**<u>Statement of Facts</u>**

Cobalt hereby incorporates the statutory and factual background portions of its Memorandum in Support of its Motion to Dismiss, filed September 2, 2005. The facts most pertinent to this motion, however, are briefly discussed here. Cobalt is a pharmaceutical company organized and existing under the laws of, and with its only place of business in, Canada. (Compl. ¶ 2). Plaintiff Merck is incorporated and has its principal place of business in New Jersey. (*Id.* ¶ 1).

At issue in this case is the prescription drug alendronate, which Merck markets under the brand-name FOSAMAX®. Cobalt has prepared and filed with FDA an ANDA for a generic version of alendronate tablets in 35 mg, 40 mg and 70 mg strengths. (*Id.* ¶ 4). Pursuant to the Hatch-Waxman Amendments, Cobalt's ANDA included a so-called "paragraph IV certification" to eight Merck patents, which are listed in FDA's "Orange Book" in connection with FOSAMAX®, stating that such patents are invalid, unenforceable, or will not be infringed by Cobalt's proposed generic product. (*Id.* ¶ 17), As required by statute and regulation, Cobalt also notified Merck by letter dated April 28, 2005, that Cobalt had filed an alendronate ANDA with paragraph IV certifications to the

patents-in-suit. (*Id.* ¶ 4). In that letter, Cobalt designated an agent for service of process and consented to jurisdiction for this matter solely in the Eastern District of Virginia.

The submission of Cobalt's paragraph IV certifications constitutes a "technical" or "highly artificial" act of patent infringement sufficient to create subject matter jurisdiction for a district court to resolve questions of validity or infringement before the generic drug is sold. *See* 35 U.S.C. § 271(e)(2)(A). In response, Merck filed identical actions here and in Virginia against Cobalt alleging infringement of the patents-in-suit under 35 U.S.C. § 271(e)(2)(A). Cobalt has moved to dismiss the Complaint in this District for lack of personal jurisdiction and/or improper service. In addition, Cobalt has answered and counterclaimed in Virginia where the parties are now at issue on the merits. Cobalt now files this timely contingent motion to transfer in the event the Court denies Cobalt's motion to dismiss.

**Argument**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). *See also, e.g.*, *SAS of Puerto Rico, Inc. v. Puerto Rico Tel. Co.*, 833 F. Supp. 450, 452 (D. Del. 1993) (Farnan, J.). Section 1404(a) transfer to the Eastern District of Virginia is appropriate here should this Court not dismiss this case outright for lack of personal jurisdiction and/or improper service.

The Third Circuit has enumerated, and this Court has applied, "many variants of the private and public interests protected by the language of § 1404(a)" in resolving a Section 1404(a) motion. *See, e.g.*, *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Consideration of both the public and private interests

demonstrates that transfer, if this case is not dismissed entirely, is warranted in the interests of justice.

**I. Private Interests Weigh In Favor Of Transfer.**

The private interests deemed relevant to a Section 1404 motion are: "(1) the plaintiff's forum preference; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records. . . ." *Continental Cas. Co. v. Am. Home Assurance Co.*, 61 F. Supp. 2d 128, 131 n.4 (D. Del. 1999) (Farnan, J.). No private interests weigh in favor of retaining this case in this District.

In assessing private interests, this Court has previously applied the so-called "home turf" rule, under which "the weaker the connection between the forum and either the plaintiff or the lawsuit, the greater the ability of the defendant to show sufficient inconvenience to warrant transfer." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 199 (D. Del. 1998). Here, there is no connection between the forum and Merck, or the forum and this lawsuit. Merck is not a Delaware corporation, nor does it maintain its principal place of business in Delaware. (*See* Compl. ¶ 1). Moreover, the matter of controversy is not centered in Delaware, and there has been no injury in Delaware. As fully set forth in the Memorandum in Support of Cobalt's Motion to Dismiss, the only action giving rise to this suit is the ANDA filing with the FDA, which did not occur in, or have anything whatsoever to do with, Delaware. Any argument that Merck's choice of forum should weigh against the transfer of this case must fail.

Witness convenience and access, and convenience of the parties, do not weigh in favor of retaining the case in this District. Neither Cobalt nor Merck has a place of business in Delaware, and no Cobalt witnesses reside in Delaware. None of the relevant corporate books and records is located in Delaware. Thus, it would be no easier to litigate this case in Delaware than in Virginia.

Moreover, *all* parties have consented to jurisdiction in the Eastern District of Virginia. Cobalt has expressly consented to jurisdiction in that District, and Merck has consented to jurisdiction there by filing an identical suit against Cobalt. In fact, Virginia is Merck's choice of forum. Thus, the parties have already expressly agreed that Virginia would be a convenient forum. Merck certainly cannot complain that litigating in Virginia would be inconvenient having voluntarily sued Cobalt there. Thus, the convenience of the parties weighs in favor of transfer as well.

**II. Public Interests Weigh In Favor Of Transfer.**

Similarly, the relevant public interests favor transfer of this matter to the Eastern District of Virginia. The relevant public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; (6) the trial judge's familiarity with applicable state law." *Continental*, 61 F. Supp. 2d at 131 n.4.

There is certainly no dispute that Cobalt would be capable of satisfying a judgment against it in the unlikely event that one was entered against it in Virginia. And as set forth more fully in the Memorandum in Support of Cobalt's Motion to Dismiss, Delaware has no connection with this dispute. Accordingly, this Court has no "local

controversy" to decide in this matter, and no public policies unique to Delaware warrant retention of this case in this District. Merck also alleges that this case arises under "the patent laws of the United States of America and jurisdiction is founded on Title 28, United States Code §§ 1331 and 1338(a)." (Compl. ¶ 3). As such, there can be no dispute that the Court in the Eastern District of Virginia is capable of applying Federal law. In sum, the relevant public interests also weigh heavily in favor of transfer.[1]

**III. The Interests of Justice Mandate Transfer To The Eastern District of Virginia.**

Most importantly, however, the interests of justice mandate transfer to Virginia. The "interest of justice" factor includes such considerations as the ***pendency of a related action***, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties and the possibility of harassment. *See Bd. of Trustees v. Baylor Heating & Air Conditioning*, 702 F. Supp. 1253, 1260 (E.D. Va. 1988). Here, the interests of justice weigh heavily in favor of transfer.

Most relevant here, Merck filed an identical action against Cobalt in the Eastern District of Virginia where the parties are now at issue on the merits. "In general, the pendency of a related action in the transferee forum favors transfer where it would be both feasible and beneficial to consolidate the actions." *See id.* (recognizing general rule but denying motion to transfer because the causes of action and the parties were not precisely the same). This is particularly true, if "the instant and pending actions share[] a number of common legal and factual issues yet to be resolved…if a common, continuing

---

[1] In addition, as set forth in Exhibit A to the supporting declaration of Mary Matterer, Virginia is both a practical and expeditious forum in which to litigate this dispute—*as Merck certainly knows and agrees having chosen to litigate there in the first place.*

remedy were appropriate, and…if consolidation of the action held out the promise of general savings of resources and the avoidance of a real risk of inconsistent results." *Id.*

Indeed, transfer is favored if consolidation is "feasible and would afford substantial economies for the parties and the judicial system." *Affinity Memory & Micro, Inc. v. K&Q Enterprises, Inc.*, 20 F. Supp. 2d 948, 955 (E.D. Va. 1998) (transferring case where the case in the transferee court was "the mirror image" of, raised "precisely the same issues" as, and arose out of "precisely the same transaction" as the instant case). Here, it makes absolutely no sense to litigate the exact same patent case in all respects before different courts. That Merck even filed duplicative suits in the first place has already prejudiced Cobalt and wasted valuable resources that could have been better spent on the merits of the dispute. *See, e.g.*, *At Home Corp. v. Cox Communications, Inc.*, No. Civ. A. 02-1486-JJF, 2003 WL 22350925, at *2 (D. Del. Oct. 8, 2003) (Farnan, J.) (transferring case where the Court found that plaintiff engaged in "forum shopping . . attempting to force this case into the District of Delaware").

## CONCLUSION

This case does not belong here. It belongs in Virginia where Merck filed an identical action and the parties are now at issue on the merits. The Court should not permit Merck to prejudice Cobalt with duplicative forum-shopping. In the event the Court does not grant Cobalt's motion to dismiss, the Court should transfer this case to the United States District Court for the Eastern District of Virginia.

Dated: September 9, 2005.

By: *\/s/ Mary B. Matterer*
Mary B. Matterer # 2696
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

Of Counsel:
William A. Rakoczy
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610
Telephone: (312) 222-6301
Facsimile: (312) 222-6321
wrakoczy@rmmslegal.com

**Attorneys for Defendant**
**Cobalt Pharmaceuticals Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of September, 2005, I electronically filed the foregoing document, **MEMORANDUM IN SUPPORT OF COBALT PHARMACEUTICALS INC.'S ALTERNATIVE MOTION TO TRANSFER**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Mary B. Graham, Esq.
James W. Parrett, Jr. Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

Additionally, I hereby certify that on the 9th day of September, 2005, the foregoing document was served via federal express on the following non-registered participants:

John F. Lynch, Esq.
Nicholas G. Barzoukas
Howrey LLP
750 Bering Drive
Houston, TX 77057-2198
713.787.1400

Dated: September 9, 2005

*/s/ Mary B. Matterer*
Mary B. Matterer #2696
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

***Counsel for Cobalt Pharmaceuticals Inc.***