UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO., INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>COBALT PHARMACEUTICALS INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 05-366 (JJF) |

### DECLARATION OF MARY B. MATTERER

I, Mary B. Matterer, declare as follows:

1. I am a partner of the law firm of Morris James Hitchens & Williams LLP, counsel for the Defendant Cobalt Pharmaceuticals Inc. ("Cobalt").

2. I have personal knowledge of the facts stated in this Declaration and am competent to testify to the same.

3. The purpose of this Declaration is to authenticate and provide to the Court certain documents relied upon and cited in the Memorandum in Support of Cobalt's Alternative Motion to Transfer, submitted contemporaneously herewith.

4. Attached hereto as Exhibit A is a true and correct copy of Table C-5, entitled "U.S. District Courts—Median Time Intervals From Filing to Disposition in Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending September 30, 2004," published at http://www.uscourts.gov/judbus2004/contents.html.

-2-

5.  Attached hereto as Exhibit B is a true and correct copy of this Court's opinion in *At Home Corp. v. Cox Communications, Inc.*, No. Civ. A. 02-1486-JJF, 2003 WL 22350925 (D. Del. Oct. 8, 2003).

Dated: September 9, 2005

By: /s/ Mary Matterer
Mary B. Matterer # 2696
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

Of Counsel:
William A. Rakoczy
Jane J. Jaang
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610
Telephone: (312) 222-6301
Facsimile: (312) 222-6321
wrakoczy@rmmslegal.com

**Attorneys for Defendant
Cobalt Pharmaceuticals Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September, 2005, I electronically filed the foregoing document, **DECLARATION OF MARY B. MATTERER**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Mary B. Graham, Esq.
James W. Parrett, Jr. Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

Additionally, I hereby certify that on the 9th day of September, 2005, the foregoing document was served via federal express on the following non-registered participants:

John F. Lynch, Esq.
Nicholas G. Barzoukas
Howrey LLP
750 Bering Drive
Houston, TX 77057-2198
713.787.1400

Dated: September 9, 2005         /s/ *Mary B. Matterer*
                                 Mary B. Matterer #2696
                                 MORRIS JAMES HITCHENS &
                                 WILLIAMS LLP
                                 222 Delaware Avenue, 10th Floor
                                 Wilmington, DE 19801
                                 (302) 888-6800
                                 mmatterer@morrisjames.com

                                 *Counsel for Cobalt Pharmaceuticals Inc.*

# EXHIBIT A

# EXHIBIT A

Table C-5.
U.S. District Courts—Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending September 30, 2004

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Before Pretrial | | During or After Pretrial | | Trial | |
| | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
| TOTAL | 194,842 | 8.5 | 45,007 | 7.5 | 127,318 | 7.8 | 18,943 | 13.2 | 3,574 | 21.1 |
| DC | 2,086 | 10.3 | 1,014 | 9.6 | 992 | 11.6 | 43 | 20.5 | 37 | 30.5 |
| 1ST | 5,747 | 10.6 | 1,900 | 7.5 | 2,863 | 9.2 | 813 | 15.1 | 171 | 24.2 |
| ME | 463 | 8.6 | 202 | 5.8 | 206 | 8.7 | 31 | 13.4 | 24 | 14.7 |
| MA | 2,773 | 9.4 | 1,203 | 8.2 | 1,246 | 7.7 | 243 | 19.9 | 81 | 30.5 |
| NH | 451 | 9.0 | 84 | 4.3 | 167 | 7.7 | 192 | 13.8 | 8 | - |
| RI | 586 | 9.7 | 95 | 5.4 | 261 | 7.0 | 216 | 11.8 | 14 | 23.0 |
| PR | 1,474 | 13.0 | 316 | 12.8 | 983 | 13.3 | 131 | 16.9 | 44 | 25.8 |
| 2ND | 18,514 | 9.0 | 5,845 | 8.2 | 10,043 | 8.9 | 2,298 | 15.1 | 328 | 28.0 |
| CT | 1,940 | 11.6 | 1,324 | 9.6 | 522 | 13.6 | 37 | 34.5 | 57 | 32.7 |
| NY,N | 1,010 | 13.9 | 170 | 8.8 | 593 | 11.2 | 226 | 17.8 | 21 | 28.0 |
| NY,E | 5,357 | 11.2 | 1,054 | 7.1 | 3,476 | 10.0 | 722 | 16.1 | 105 | 29.4 |
| NY,S | 8,797 | 8.1 | 2,954 | 8.7 | 4,548 | 6.2 | 1,177 | 12.5 | 118 | 23.0 |
| NY,W | 1,133 | 11.5 | 306 | 7.6 | 681 | 11.3 | 132 | 17.9 | 14 | 33.0 |
| VT | 277 | 8.0 | 37 | 6.4 | 223 | 8.0 | 4 | - | 13 | 26.0 |
| 3RD | 21,609 | 5.7 | 4,003 | 6.6 | 15,161 | 3.0 | 2,096 | 13.8 | 349 | 22.1 |
| DE | 1,132 | 14.0 | 57 | 3.4 | 1,013 | 15.3 | 31 | 14.0 | 31 | 29.0 |
| NJ | 5,448 | 7.6 | 1,453 | 6.5 | 2,346 | 5.9 | 1,569 | 13.1 | 80 | 30.0 |
| PA,E | 10,616 | 1.0 | 1,022 | 5.5 | 9,153 | 1.0 | 308 | 11.0 | 133 | 18.0 |
| PA,M | 1,740 | 7.1 | 560 | 4.7 | 1,014 | 7.4 | 110 | 18.5 | 56 | 21.8 |
| PA,W | 2,429 | 9.6 | 832 | 8.3 | 1,476 | 9.0 | 72 | 30.7 | 49 | 27.0 |
| VI | 244 | 16.6 | 79 | 17.0 | 159 | 16.0 | 6 | - | - | - |
| 4TH | 14,135 | 8.7 | 3,118 | 5.7 | 9,282 | 8.7 | 1,459 | 10.1 | 276 | 17.0 |
| MD | 2,800 | 7.1 | 1,165 | 7.7 | 1,364 | 6.3 | 218 | 11.5 | 53 | 21.0 |
| NC,E | 994 | 10.8 | 205 | 7.0 | 764 | 11.5 | 7 | - | 18 | 20.0 |
| NC,M | 735 | 10.8 | 172 | 6.0 | 359 | 11.8 | 186 | 12.5 | 18 | 21.7 |
| NC,W | 777 | 10.0 | 205 | 8.9 | 453 | 10.4 | 112 | 16.3 | 7 | - |
| SC | 3,309 | 9.4 | 292 | 7.8 | 2,554 | 8.1 | 384 | 15.8 | 79 | 21.0 |
| VA,E | 2,824 | 5.7 | 752 | 4.2 | 1,495 | 5.8 | 510 | 7.2 | 67 | 11.6 |
| VA,W | 1,100 | 9.7 | 217 | 7.0 | 836 | 10.2 | 26 | 10.2 | 21 | 16.0 |
| WV,N | 571 | 9.2 | 61 | 8.7 | 492 | 9.6 | 13 | 14.0 | 5 | - |
| WV,S | 1,025 | 11.4 | 49 | 5.8 | 965 | 12.6 | 3 | - | 8 | - |

162

## Table C-5. (September 30, 2004—Continued)

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Before Pretrial | | During or After Pretrial | | Trial | |
| | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
| **5TH** | **23,582** | **8.8** | **4,367** | **9.6** | **16,822** | **7.3** | **1,919** | **12.5** | **474** | **19.7** |
| LA,E | 2,664 | 9.3 | 30 | 2.4 | 1,523 | 6.8 | 998 | 12.1 | 113 | 18.9 |
| LA,M | 703 | 10.4 | 6 | - | 690 | 10.6 | 1 | - | 6 | - |
| LA,W | 1,697 | 11.1 | 654 | 10.0 | 963 | 11.2 | 32 | 25.4 | 48 | 27.4 |
| MS,N | 1,059 | 10.7 | 133 | 4.9 | 730 | 10.1 | 171 | 15.8 | 25 | 20.8 |
| MS,S | 3,508 | 12.3 | 1,812 | 14.0 | 1,642 | 11.0 | 6 | - | 48 | 18.5 |
| TX,N | 3,934 | 7.4 | 202 | 6.4 | 3,664 | 7.7 | 2 | - | 66 | 21.5 |
| TX,E | 2,387 | 6.5 | 327 | 8.0 | 1,857 | 5.8 | 154 | 12.9 | 49 | 16.4 |
| TX,S | 5,422 | 6.8 | 547 | 7.8 | 4,286 | 5.5 | 528 | 11.7 | 61 | 18.6 |
| TX,W | 2,208 | 8.0 | 656 | 8.3 | 1,467 | 8.9 | 27 | 12.5 | 58 | 17.5 |
| **6TH** | **20,083** | **9.0** | **3,621** | **6.4** | **13,054** | **9.9** | **3,124** | **13.5** | **284** | **22.4** |
| KY,E | 2,097 | 10.3 | 113 | 4.8 | 1,936 | 10.6 | 32 | 18.0 | 16 | 21.4 |
| KY,W | 1,291 | 10.0 | 241 | 8.1 | 896 | 10.5 | 133 | 15.2 | 21 | 20.5 |
| MI,E | 3,745 | 9.7 | 516 | 5.5 | 1,615 | 7.9 | 1,556 | 13.1 | 58 | 21.5 |
| MI,W | 1,029 | 9.7 | 193 | 5.2 | 810 | 10.3 | 9 | - | 17 | 17.5 |
| OH,N | 5,903 | 8.6 | 1,041 | 5.5 | 4,158 | 8.7 | 658 | 9.3 | 46 | 23.0 |
| OH,S | 2,344 | 12.1 | 1,017 | 9.2 | 1,017 | 13.7 | 275 | 15.6 | 35 | 26.0 |
| TN,E | 1,466 | 11.7 | 267 | 9.3 | 714 | 10.1 | 452 | 15.2 | 33 | 19.5 |
| TN,M | 1,335 | 10.9 | 44 | 8.0 | 1,257 | 10.7 | 3 | - | 31 | 23.0 |
| TN,W | 873 | 10.4 | 189 | 9.0 | 651 | 10.6 | 6 | - | 27 | 20.7 |
| **7TH** | **16,391** | **6.6** | **3,537** | **6.2** | **11,006** | **6.5** | **1,614** | **12.5** | **234** | **23.0** |
| IL,N | 9,252 | 5.9 | 2,158 | 6.2 | 6,364 | 4.5 | 612 | 12.1 | 118 | 25.0 |
| IL,C | 768 | 9.0 | 205 | 8.3 | 530 | 8.7 | 7 | - | 26 | 21.0 |
| IL,S | 886 | 9.7 | 251 | 6.4 | 585 | 9.2 | 30 | 20.5 | 20 | 22.0 |
| IN,N | 1,443 | 9.3 | 317 | 6.6 | 654 | 7.4 | 449 | 13.2 | 23 | 28.0 |
| IN,S | 2,424 | 11.2 | 294 | 4.5 | 1,863 | 12.6 | 250 | 16.7 | 17 | 33.0 |
| WI,E | 1,116 | 7.8 | 264 | 5.8 | 788 | 8.7 | 49 | 13.8 | 15 | 21.0 |
| WI,W | 502 | 5.5 | 48 | 2.8 | 222 | 4.1 | 217 | 6.9 | 15 | 11.0 |
| **8TH** | **12,676** | **9.4** | **4,243** | **7.8** | **6,993** | **9.9** | **1,127** | **13.1** | **313** | **20.2** |
| AR,E | 1,621 | 11.7 | 376 | 12.2 | 1,161 | 11.4 | 19 | 16.0 | 65 | 21.7 |
| AR,W | 1,102 | 10.2 | 28 | 6.4 | 1,027 | 10.9 | 15 | 12.4 | 32 | 14.3 |
| IA,N | 455 | 10.7 | 66 | 5.4 | 359 | 10.9 | 7 | - | 23 | 30.0 |
| IA,S | 715 | 10.7 | 43 | 5.8 | 424 | 8.5 | 229 | 15.4 | 19 | 21.0 |
| MN | 4,049 | 6.6 | 2,076 | 4.8 | 1,220 | 7.6 | 721 | 11.4 | 32 | 22.0 |
| MO,E | 1,617 | 10.7 | 566 | 8.9 | 990 | 10.0 | 6 | - | 55 | 19.0 |
| MO,W | 1,711 | 10.0 | 794 | 10.6 | 834 | 10.8 | 56 | 16.0 | 27 | 20.0 |
| NE | 831 | 8.2 | 20 | 2.5 | 717 | 6.8 | 57 | 15.9 | 37 | 21.0 |
| ND | 282 | 7.7 | 103 | 4.6 | 162 | 9.3 | 3 | - | 14 | 18.5 |
| SD | 293 | 11.8 | 171 | 10.2 | 99 | 10.6 | 14 | 16.5 | 9 | - |

163

Table C-5. (September 30, 2004—Continued)

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Before Pretrial | | During or After Pretrial | | Trial | |
| | Number of Cases | Median Time Interval In Months | Number of Cases | Median Time Interval In Months | Number of Cases | Median Time Interval In Months | Number of Cases | Median Time Interval In Months | Number of Cases | Median Time Interval In Months |
| **9TH** | **29,982** | **8.3** | **9,838** | **6.8** | **17,858** | **8.2** | **1,763** | **12.0** | **523** | **23.8** |
| AK | 323 | 9.5 | 7 | - | 310 | 8.5 | - | - | 6 | - |
| AZ | 2,017 | 10.4 | 599 | 9.6 | 1,368 | 10.1 | 3 | - | 47 | 32.5 |
| CA,N | 4,171 | 8.2 | 1,569 | 5.0 | 1,155 | 8.8 | 1,376 | 11.9 | 71 | 23.0 |
| CA,E | 2,389 | 9.3 | 532 | 8.8 | 1,816 | 9.5 | 6 | - | 35 | 26.0 |
| CA,C | 9,580 | 7.3 | 4,086 | 6.8 | 5,269 | 6.7 | 83 | 16.6 | 142 | 16.5 |
| CA,S | 2,165 | 6.9 | 123 | 3.7 | 2,019 | 7.0 | - | - | 23 | 32.0 |
| HI | 737 | 9.6 | 339 | 8.8 | 283 | 8.7 | 90 | 15.8 | 25 | 28.0 |
| ID | 469 | 11.6 | 23 | 4.5 | 386 | 10.8 | 45 | 16.2 | 15 | 25.0 |
| MT | 532 | 11.0 | 119 | 9.4 | 286 | 9.8 | 103 | 17.6 | 24 | 23.0 |
| NV | 1,841 | 7.7 | 274 | 4.6 | 1,533 | 8.0 | 2 | - | 32 | 27.4 |
| OR | 1,792 | 10.4 | 552 | 8.4 | 1,168 | 10.8 | 29 | 20.4 | 43 | 20.0 |
| WA,E | 757 | 8.0 | 88 | 7.6 | 647 | 8.6 | 12 | 15.0 | 10 | 24.0 |
| WA,W | 3,134 | 7.2 | 1,517 | 5.7 | 1,559 | 8.7 | 13 | 18.0 | 45 | 16.8 |
| GUAM | 51 | 12.5 | 10 | 5.0 | 36 | 12.5 | 1 | - | 4 | - |
| NMI | 24 | 12.0 | - | - | 23 | 12.0 | - | - | 1 | - |
| **10TH** | **9,408** | **9.0** | **1,240** | **6.5** | **6,633** | **8.1** | **1,273** | **13.9** | **262** | **19.9** |
| CO | 2,205 | 8.7 | 23 | 4.0 | 1,855 | 6.7 | 243 | 21.1 | 84 | 25.0 |
| KS | 1,380 | 9.0 | 349 | 8.1 | 928 | 9.2 | 65 | 16.5 | 38 | 20.5 |
| NM | 1,342 | 11.1 | 59 | 5.4 | 803 | 10.9 | 441 | 12.4 | 39 | 18.6 |
| OK,N | 880 | 9.7 | 30 | 3.5 | 815 | 9.5 | 12 | 17.5 | 23 | 20.0 |
| OK,E | 573 | 8.4 | 118 | 5.3 | 411 | 8.3 | 29 | 9.4 | 15 | 14.0 |
| OK,W | 1,527 | 8.5 | 541 | 5.3 | 582 | 8.5 | 374 | 10.4 | 30 | 13.0 |
| UT | 1,195 | 12.5 | 20 | 7.7 | 1,147 | 12.5 | 14 | 18.0 | 14 | 18.0 |
| WY | 306 | 9.4 | 100 | 6.5 | 92 | 8.3 | 95 | 12.5 | 19 | 13.7 |
| **11TH** | **20,629** | **8.7** | **2,281** | **6.6** | **16,611** | **7.0** | **1,414** | **13.9** | **323** | **19.4** |
| AL,N | 2,856 | 9.6 | 597 | 9.8 | 2,174 | 8.0 | 52 | 18.4 | 33 | 23.0 |
| AL,M | 905 | 9.2 | 148 | 6.1 | 727 | 9.9 | 16 | 14.0 | 14 | 14.0 |
| AL,S | 791 | 8.9 | 166 | 6.9 | 590 | 8.9 | 25 | 16.0 | 10 | 16.0 |
| FL,N | 848 | 7.1 | 157 | 7.6 | 672 | 8.9 | 7 | - | 12 | 11.0 |
| FL,M | 5,273 | 8.7 | 349 | 6.6 | 4,815 | 7.8 | 46 | 19.5 | 63 | 19.8 |
| FL,S | 5,231 | 6.3 | 251 | 4.4 | 4,504 | 6.1 | 364 | 12.2 | 112 | 17.0 |
| GA,N | 3,452 | 9.3 | 482 | 5.8 | 2,039 | 8.6 | 876 | 12.5 | 55 | 27.4 |
| GA,M | 752 | 11.6 | 96 | 8.3 | 630 | 11.9 | 11 | 18.0 | 15 | 27.0 |
| GA,S | 521 | 10.4 | 35 | 9.0 | 460 | 10.1 | 17 | 11.0 | 9 | - |

NOTE: MEDIAN TIME INTERVALS COMPUTED ONLY IF 10 OR MORE CASES. THIS TABLE EXCLUDES LAND CONDEMNATIONS, PRISONER PETITIONS, DEPORTATION REVIEWS, RECOVERY OF OVERPAYMENTS, AND ENFORCEMENT OF JUDGMENTS. FOR FISCAL YEARS PRIOR TO 2001, THIS TABLE INCLUDED DATA ON RECOVERY OF OVERPAYMENTS AND ENFORCEMENT OF JUDGMENTS.

164

# EXHIBIT B



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22350925 (D.Del.)
(Cite as: 2003 WL 22350925 (D.Del.))

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
AT HOME CORPORATION, Plaintiff,
v.
COX COMMUNICATIONS, INC., Cox@Home Inc., Comcast Corporation, Comcast Online Communications, Inc., Comcast PC Investments Inc., Brian L. Roberts and David M. Woodrow Defendants.
No. Civ.A. 02-1486-JJF.

Oct. 8, 2003.

Edmond D. Johnson, and Michael L. Vild, of the Bayard Firm, Wilmington, Delaware, Joseph S. Allerhand, Richard W. Slack, and Daniel S. Cahill, of Weil, Gotshal & Manges LLP, New York, New York, for Plaintiff At Home Corporation, of counsel.

Donald E. Reid, of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware, Michael D. Hays, Michael D. Rothberg, and Daniel D. Prichard, of Dow, Lohnes & Albertson, PLLC, Washington, District of Columbia, for Defendants Cox Communications, Inc., Cox@Home, Inc., and David M. Woodrow, of counsel.

Barry M. Klayman, of Wolf, Block, Schorr and Solis-Cohen, LLP, Wilmington, Delaware, Michael S. Shuster, and Sheron Korpus, of White & Case LLP, New York, New York, for Defendants Comcast Corporation, Comcast Online Communications, Inc., Comcast PC Investments Inc., and Brian L. Roberts, of counsel.

*MEMORANDUM OPINION*

FARNAN, J.

*1 Presently before the Court is the Motion To Dismiss (D.I.21-1) Or Transfer This Action For Improper And Inconvenient Venue (D.I.21-2) filed by Comcast Corporation, Comcast Online Communications, Inc., Comcast PC Investments Inc., and Brian L. Roberts (collectively "Comcast Defendants") and the Motion to Dismiss (D.I.15-1) or Transfer For Improper Venue (D.I.15-2), or In The Alternative, To Transfer Pursuant To 28 U.S.C. § 1404 (D.I.15-3) filed by Cox Communications, Inc., Cox@Home, Inc., And David M. Woodrow (collectively "Cox Defendants"). For the reasons discussed, the Court will grant the Comcast Defendants' Motion for Improper and Inconvenient Venue (21-2) and the Cox Defendants' Motion To Transfer Pursuant To 28 U.S.C. § 1404 (D.I.15-3).

BACKGROUND AND ALLEGATIONS OF THE PARTIES

In this action, At Home Corporation ("At Home") contends defendants Comcast Corporation ("Comcast"), Comcast Online Communications, Inc. ("Comcast Online"), Comcast PC Investments Inc. ("Comcast PC"), and Brian L. Roberts and Defendants Cox Communications, Inc. ("Cox"), Cox@Home, and David M. Woodrow ("Woodrow") have committed securities violations and breaches of fiduciary duty.

The Comcast Defendants assert that the lack of any connection with Delaware makes a transfer of the action to the Southern District of New York appropriate. The Comcast Defendants contend that the Southern District of New York is an easier and more convenient venue. The Comcast Defendants allege essentially the same arguments in support of their motion to dismiss the case for lack of jurisdiction and improper venue.

By their motion to transfer or dismiss, the Comcast Defendants contend that neither they nor this action have sufficient connections to Delaware to make venue proper here. They assert that Comcast, Comcast Online, and Mr. Roberts have no presence in Delaware. The Comcast Defendants assert that the transactions at issue in At Home's securities law claim did not occur in Delaware and that the Court's subject matter jurisdiction over the claim of breach of fiduciary duty is dependent on jurisdiction over the securities law claim. Consequently, the Comcast Defendants assert, both claims must be dismissed or transferred.

The Cox Defendants also support transferring this case. The Cox Defendants assert because Comcast is an indispensable party to the instant case and venue is improper as to Comcast, venue is improper as to Cox. Cox claims that the transactions creating the claims

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22350925 (D.Del.)
**(Cite as: 2003 WL 22350925 (D.Del.))**

Page 2

At Home asserts are not related to Delaware, and that New York is a more convenient venue for the instant case.

At Home responds that venue is proper in Delaware, and that Delaware is a more convenient venue than New York because the action has significant connections to Delaware.

### DISCUSSION

The Court will first consider the Motions to Transfer filed by the Comcast and Cox Defendants. 28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

*2 In the Third Circuit, decisions on motions to transfer are guided by the private and public factors announced in *Jumara v. State Farm Ins. Co.* 55 F.3d 873, 879 (3rd Cir.1995). When determining whether or not transfer is warranted in the circumstances presented, district courts must balance all of the relevant factors and respect that a plaintiff's choice of forum is entitled to substantial deference and should not be lightly disturbed when it is due to legitimate, rational concerns. *Id.* at 883. The burden is upon the movant to establish that the balance of the interests strongly weighs in favor of transfer, and a transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer. *See Continental Cas. Co. v. American Home Assurance Co.*, 61 F.Supp.2d 128, 131 (D.Del.1999).

### PRIVATE CONSIDERATIONS

The Court finds that the Comcast Defendants do not have a significant relation to Delaware. Comcast and Comcast Online are not residents of Delaware. Comcast is incorporated, and has its principal place of business, in Pennsylvania. Comcast Online has merged with Comcast and is not a distinct entity. Mr. Roberts is not a resident of Delaware and does not transact business in Delaware. While Comcast PC is organized under Delaware law, it is not qualified to do business in Delaware, and its slight connection to Delaware is overwhelmed by the lack of connection of the other three Comcast Defendants.

The Court also finds that At Home has not shown that any acts or transactions involved in this case occurred in Delaware. Further, the Court finds that none of At Home's factual allegations demonstrate a connection to Delaware.

### PUBLIC CONSIDERATIONS

With regard to the public interest factors, the Court finds that At Home is engaging in forum shopping and attempting to force this case into the District of Delaware. Obviously, when a Court finds or it appears based on the circumstances that a party is making an effort at forum shopping, transfer is warranted. Additionally, the Court finds that the local interest of New York, where the transactions that form the basis of the claims asserted is stronger than the local interest of Delaware in resolving this dispute.

After considering the relevant factors for transfer of this case, the Court finds, balancing the relevant private and public factors, that the convenience of the parties and witnesses will best be served by transferring this action to the Southern District of New York where proper venue exists. Accordingly, the Motion to Transfer under 1404(a) will be granted and the case will be transferred to the Southern District of New York.

### CONCLUSION

For the reasons discussed, the Court will grant the Comcast Defendants' Motion for Improper and Inconvenient Venue and the Cox Defendants' Motion To Transfer Pursuant To 28 U.S.C. § 1404. An Order consistent with this Memorandum Opinion has been entered.

Not Reported in F.Supp.2d, 2003 WL 22350925 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:02CV01486 (Docket) (Sep. 24, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.